## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re | : | CHAPTER 7 |
| | : | |
| **PENNSYLVANIA GEAR** | : | |
| **CORPORATION,** | : | |
| Debtor | : | Bankruptcy No. 02-36436 DWS |
| | : | |
| | : | |
| **CHRISTINE C. SHUBERT,** | : | |
| Chapter 7 Trustee, | : | |
| Plaintiff | : | |
| and | : | |
| | : | |
| **HENRY STRANAHAN, STRANAHAN** | : | |
| **FAMILY BUSINESS PARTNERSHIP,** | : | |
| **L.P., H&W ASSOCIATES,** and | : | |
| **STRANAHAN CHARITABLE TRUST** | : | |
| Intervenors | : | |
| v. | : | |
| | : | |
| **ADELMAN LAVINE GOLD & LEVIN,** | : | |
| **P.C.,** and **GARY SCHILDHORN,** | : | |
| Defendants | : | Adversary No. 04-0096 KJC |

## MEMORANDUM[1]

## BY:   KEVIN J. CAREY, UNITED STATES BANKRUPTCY JUDGE[2]

Currently before the Court is a motion by plaintiff Christine C. Shubert, Chapter 7

Trustee (the "Trustee"), entitled "Rule 7052(b) Motion to Amend Judgment and Rule 9023

Motion for a New Trial" (the "Trustee's Motion"). The Trustee's Motion was filed in response

---

[1]This Memorandum constitutes the findings of fact and conclusion of law, as required by Fed.R.Bankr.P. 7052. This Court has related-to jurisdiction over this matter pursuant to 28 U.S.C. §1334 and §157(a). Because all parties have consented, I may enter a final order pursuant to 28 U.S.C. §157(c)(2). (Tr. 7/8/05 at 140.)

[2]On December 9, 2005, I assumed office as a bankruptcy judge in the District of Delaware. On the same date, I was designated by the Third Circuit Court of Appeals to sit as a bankruptcy judge in the Eastern District of Pennsylvania for the purpose of completing various matters, including this one.

to the Memorandum and Order entered by this Court on June 26, 2006 (docket no. 300) (the

"Memorandum"), denying the relief requested in the Trustee's Second Amended Complaint and

the Intervenors' Amended Complaint for damages caused by the alleged professional negligence

of defendants Adelman Lavine Gold & Levin and Gary M. Schildhorn (the "Defendants") arising

out of the Defendants' legal representation of Pennsylvania Gear Corporation (the "Debtor")

prior to the Debtor's bankruptcy filing.[3]

The Defendants filed an answer to the Trustee's Motion on August 4, 2006 and a hearing

to consider the Motion was held on August 17, 2006.[4]  For the reasons set forth herein, the

Trustee's Motion will be denied.

<u>Standard - Fed.R.Bank.P. 7052(b) and 9023</u>

Fed.R.Bankr.P. 7052(b) incorporates Fed.R.Civ.P. 52 and provides as follows:

(b)     **Amendment.** On a party's motion filed not later than 10 days after entry of
judgment, the court may amend its findings - - or make additional findings - - and

---

[3]More specifically, the Trustee's and Intervenors' complaints alleged that the Defendants were
negligent when they failed to investigate the secured status of the Debtor's lender, Fleet National Bank
("Fleet"). Fleet had not perfected its secured interest in its collateral at the time of the loan transaction.
The Trustee and Intervenors claimed that, had this been known, the business would not have been lost.
This alleged negligence - - the failure to conduct a UCC search - - allegedly caused millions of dollars in
damages when the Debtor could not reorganize and, ultimately, was liquidated in a chapter 7 bankruptcy
case.

[4]Some of the Intervenors filed answers, *pro se*, in support of the Trustee's Motion. *See* Answer
filed by the Stranahan Charitable Trust (docket no. 305), Answer filed by H&W Associates (docket no.
306) and Answer by filed Henry Stranahan (docket no. 310) (collectively, the "Intervenors' Answers").
Craig Stranahan, who was not an Intervenors, also sent a letter dated July 13, 2006 in support of the
Trustee's Motion (docket no. 304)(the "CS Letter"). On August 11, 2006, the Defendants filed a Motion
to Strike the Intervenors' Answers (docket no. 312), which was also considered at the hearing on August
17, 2006. Neither the Intervenors nor Craig Stranahan appeared at the hearing. By separate
communication to the Court, the Intervenors' counsel also stated that he would not attend. For the
reasons stated on the record at the hearing, I granted the Defendants' Motion to Strike the Intervenors'
Answers and did not consider the Intervenors' Answers or the CS Letter in deciding the Trustee's
Motion. I will memorialize that ruling in a separate written order.

may amend the judgment accordingly. The motion may accompany a motion for a new trial under Rule 59. When findings of fact are made in actions tried without a jury, the sufficiency of the evidence supporting the findings may be later questioned whether or not the party raising the question objected to the findings, moved to amend them, or moved for partial findings.

Fed.R.Bankr.P. 9023 incorporates Fed.R.Civ.P. 59 and provides in pertinent part as

follows:

(a)     **Grounds.** A new trial may be granted to all or any of the parties and on all or part of the issues (1) [relating to actions heard by a jury].... (2) in an action tried without a jury, for any of the reasons for which rehearings have heretofore been granted in suits in equity in the courts of the United States. On a motion for a new trial in an action tried without a jury, the court may open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment.

In considering a motion for reconsideration under Rule 59(e), the Third Circuit Court of

Appeals has written:

The standard for obtaining relief under Rule 59(e) is difficult for plaintiffs to meet. The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. Motions for reargument or reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." However, reargument may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension.

*Johnson v. Diamond State Port Corp.*, 50 Fed. Appx. 554, 559-60 (3d Cir. 2002)(non-

precedential)(internal citations and quotations omitted).

A motion to alter or amend a judgment must be grounded on (1) an intervening change in

controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law

or prevent manifest injustice. *North River Ins. Co. v. Cigna Reinsurance Co.*, 52 F.3d.

1194,1218 (3rd Cir. 1995), *Harsco Corp. v. Zlotnicki*, 779 F.2d. 906, 909 (3rd Cir. 1985). Parties

should not use a motion for reconsideration as an opportunity to relitigate issues the court has

already decided. *Smith v. City of Chester*, 155 F.R.D. 95, 97 (E.D. Pa. 1994). "Motions for

reconsideration should be granted sparingly because of the interests in finality and conservation

of scarce judicial resources." *Pennsylvania Ins. Guaranty Ass'n v. Trabosh*, 812 F.Supp. 522,

524 (E.D. Pa. 1992).

Moreover, Fed.R.Civ.P. 52(a), discussing the effect of a court's findings of fact, provides

in pertinent part:

> Findings of fact, whether based on oral or documentary evidence, shall not be set aside
> unless clearly erroneous, and due regard shall be given to the opportunity of the trial court
> to judge the credibility of the witnesses.

Fed.R.Civ.P. 52(a).

## Discussion

The Trustee's Motion asserts neither an intervening change in controlling law nor the

availability of new evidence. Instead, the Trustee asks this Court to amend the judgment due to

error of law or to prevent manifest injustice. The Trustee does not argue that the Court

misapprehended the facts or her argument. The Trustee's Motion simply reargues facts and

issues already considered at trial. However, I will address the arguments set forth in the

Trustee's Motion.

The Trustee argues that the Court failed to consider substantial evidence offered at trial

about the viability of the Debtor's business prepetition and the amount of damages suffered by

the bankruptcy estate when the Debtor failed to reorganize, resulting in a "forced liquidation" of

the Debtor's assets. I decided - - for the reasons set forth in the Memorandum - - that any

negligent conduct by the Defendants did not cause the demise of the Debtor's business.

Because the Defendants did not *cause* the harm suffered by the Debtor and its estate, there was

no need to quantify the alleged harm suffered due to the Debtor's inability to reorganize, either

through a pre-bankruptcy workout with the bank or a chapter 11 plan.[5]

In the Memorandum, in the course of addressing the issue of causation, I assumed

(without deciding) that the Defendants owed a duty to the Debtor that was breached.

(Memorandum, at 15). The Trustee argues that the Court erred by failing to make a specific

finding regarding whether the Defendants breached a duty to the Debtor, claiming that the

Defendants "conceded" that the bankruptcy estate was entitled to damages in the amount of

$230,000 if there was a breach of duty. The Defendants dispute that they made such a

concession in their filings and I agree. The Defendants wrote that if the Court found liability,

then the damages could be no more than $230,000. (Defendants Post-Trial Brief, docket no. 297,

at 33). There was no concession of liability upon the finding of a breach of a duty of care.

The Trustee also contends that the Court erred in failing to determine whether the Debtor

gave "informed consent" to limiting the scope of the Defendants' representation. This argument

goes to the extent of the Defendants' duty to the Debtor. Because I assumed (again, without

deciding) in the course of addressing the issue of causation, that the Defendants breached their

duty to the Debtor, it was unnecessary to decide this specific sub-issue.

---

[5]Similarly, the Trustee argues that the Court erred in deciding that, even if there was a breach, the Trustee failed to prove that the Debtor and the bankruptcy estate sustained damages. This statement does not accurately reflect my decision. For the reasons set forth in the Memorandum, I determined that the Trustee failed to prove a causal connection between the Defendants' negligence and any harm suffered when the Debtor failed to reorganize. I did not reach any conclusion regarding either the Trustee's theory of damages or with respect to the sufficiency of the Trustee's evidence offered on the amount of any damages.

The Trustee argues that the Court erred in finding that the Debtor's employment of the Defendants began on or about August 6, 2002, rather than July 10, 2002. The Trustee's assertion raises facts and issues identical to those argued at trial. I have already considered those arguments and addressed them in the Memorandum.

The Trustee also claims that the Court erred in concluding that the Debtor could not successfully reorganize its business affairs, by failing to consider "clear" evidence to the contrary, including testimony by Fleet's workout specialist that the lender - - if unperfected - - would not have opposed a reasonable plan of reorganization. Again, this argument raises facts and issues already considered at length in the Memorandum. Furthermore, the Trustee's argument selectively cites the workout manager out of context and overlooks extensive findings of fact regarding Fleet's distrust and lack of confidence in the Debtor's management, thereby coloring the type of plan or workout arrangement that Fleet would consider "reasonable."

In the Motion, the Trustee further contends that the Court made a "manifest error of law in applying a higher and more stringent standard for determining causation between the Defendants' negligent conduct and the damages caused to the bankruptcy estate." (Trustee's Motion, ¶8.) In support of this argument, the Trustee cites to two decisions by the Supreme Court of Pennsylvania: *Gradel v. Inouye*, 491 Pa. 534, 421 A.2d 674 (1980) and *Majors v. Brodhead Hotel*, 416 Pa. 265, 205 A.2d 873 (1965). In *Majors*, the Court wrote:

> It is well established in Pennsylvania that in order to find that defendant proximately caused an injury it must be found that his allegedly wrongful conduct was a substantial factor in bringing about plaintiff's injury even though it need not be the only factor....It is equally well established that defendant's negligent conduct is not a substantial factor in bringing about plaintiff's injury if it would have been sustained even if the actor had not been negligent.

*Majors,* 205 A.2d at 877.  The cause standard employed in the Memorandum is entirely

consistent with this statement of the law.  (Memorandum, pp. 20-21.)

Finally, the Trustee argues that the Court erred in failing to conclude that there was a

breach of contract as asserted in Count II of the Trustee's Second Amended Complaint.  The

Trustee's Motion offers no new law or facts in support of this contention.   Count II was fully

addressed and considered in the Memorandum, and I will not revisit the same argument here.

For all of the foregoing reasons, the Trustee's Motion will be denied.  An appropriate

Order follows.

BY THE COURT:

KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE

Dated:   August 23, 2006

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re | : | CHAPTER 7 |
| | : | |
| **PENNSYLVANIA GEAR** | : | |
| **CORPORATION,** | : | |
| | : | Bankruptcy No. 02-36436 DWS |
| Debtor | : | |

| | | |
|---|---|---|
| | : | |
| **CHRISTINE C. SHUBERT,** | : | |
| Chapter 7 Trustee, | : | |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| **ADELMAN LAVINE GOLD & LEVIN,** | : | |
| **P.C.,** and **GARY SCHILDHORN,** | : | |
| | : | |
| Defendants | : | Adversary No. 04-0096 KJC |
| | : | |
| **HENRY STRANAHAN, STRANAHAN** | : | |
| **FAMILY BUSINESS PARTNERSHIP,** | : | |
| **L.P., H&W ASSOCIATES,** and | : | |
| **STRANAHAN CHARITABLE TRUST** | : | |
| Intervenors | : | |

## ORDER

**AND NOW**, this 23rd day of August, 2006, upon consideration of the Trustee/Plaintiff

Christine Shubert, Esquire's Rule 7052(b) Motion to Amend Judgment and Rule 9023 Motion

for a New Trial (docket no. 302)(the "Trustee's Motion") and the defendants' response thereto,

after a hearing on notice, and for the reasons set forth in the foregoing Memorandum, it is hereby

**ORDERED** and **DECREED** that Trustee's Motion is **DENIED.**

BY THE COURT:

_____

KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE

Copies mailed to:

Alan L. Frank, Esquire
Frank, Rosen, Snyder &Moss, LLP
8380 Old York Road, Suite 410
Elkins Park, PA 19027

Arthur W. Lefco, Esquire
Marshall Dennehey Warner Coleman & Goggi
1845 Walnut Street, 17th Floor
Philadelphia, PA 19103

Paul R. Beckert, Jr., Esquire
Law Offices of Paul R. Beckert, Jr.
203 Corporate Drive East
Bensalem, PA 19020

Frederic J. Baker, Sr., Esquire
Senior Assistant United States Trustee
833 Chestnut Street, Suite 500
Philadelphia, PA 19107

Chief Judge Diane W. Sigmund
Judge Bruce I. Fox
Judge Stephen Raslavich
Judge Eric L. Frank
Judge Richard E. Fehling
Judge Jean K. FitzSimon

Timothy B. McGrath, Clerk, U. S. Bankruptcy Court
Pamela Blalock, Courtroom Deputy Clerk

2